# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF KENTUCKY

| | |
|---|---|
| In re:<br><br>AMERICORE HOLDINGS, LLC, *et. al.*<br>                                                  Debtors | Chapter 11<br>Jointly Administered<br><br>Case No. 19-61608 |
| CAROL FOX, AS CHAPTER 11 TRUSTEE<br>OF ELLWOOD MEDICAL CENTER<br>OPERATIONS, LLC<br>                        Plaintiff<br><br>vs.<br><br>FOUNTAIN HEALTHCARE SERVICES, INC.<br>*ET. AL.,*<br>                        Defendants | Case No. 22-6038 |

## AGREED PROTECTIVE ORDER

Fulgent Genetics, Inc. ("Fulgent"), by and through counsel, and Plaintiff, Carol Fox, as Chapter 11 Trustee of Ellwood Medical Center Operations, LLC ("Plaintiff"), by and through counsel (each a "Party" and collectively "Parties"), and having agreed to the entry of this Protective Order ("Protective Order") to facilitate and expedite discovery while protecting the confidentiality of proprietary and other non-public, confidential, or sensitive information that may be produced or disclosed by the parties in the above-captioned lawsuit that will prevent the unnecessary disclosure or dissemination of such information pursuant to Fed. R. Civ. P. 26(c)(1).

It is hereby ORDERED and AGREED as follows:

    **1.**    **DEFINITIONS**

    1.1    "Confidential Information" as used in this Protective Order shall mean documents and other information (regardless of how generated, stored or maintained) that a Party or non-party reasonably believes to contain or reflect non-public financial or business information, personal

medical/health information, private identification information, such as social security numbers, non-public financial or personal information of a Party or non-party, account numbers, sensitive digital information and identifiers, information subject to confidentiality agreements or provisions other than this Protective Order, and other non-public research, development, or commercial information that derives value or avoids injury by virtue of not being known to the public.

1.2     This "Action" means the above-captioned adversary proceeding.

1.3     "Designating Party" means a Party or non-party that designates Confidential Information during the Action.

1.4     "Receiving Party" means a Party that receives Confidential Information during the Action.

2.      **SCOPE OF THIS PROTECTIVE ORDER**

2.1     This Protective Order shall govern certain documents and other products of discovery obtained by the Parties from one another, and from third parties, and certain information copied or derived therefrom, as well as certain copies, excerpts, summaries or compilations thereof, including, but not limited to, documents voluntarily exchanged as part of early settlement discussions, documents produced pursuant to requests authorized by the Federal Rules of Civil Procedure made applicable herein by the Federal Rules of Bankruptcy Procedure, answers to interrogatories, deposition transcripts, responses to requests for production, responses to requests for admission, affidavits, declarations, expert reports, and other such material and information as may be produced during the course of the Action and designated as Confidential Information.

## 3. DESIGNATION OF CONFIDENTIAL INFORMATION

3.1     This Protective Order shall govern the production and handling of any Confidential Information in this Action. Any Party or non-party who produces Confidential Information in this Action may designate it as "Confidential" or "Attorneys' Eyes Only" consistent with the terms of this Protective Order. Whenever possible, the Designating Party must designate only those portions of a document, deposition, transcript, or other material that contain the Confidential Information and refrain from designating entire documents. Regardless of any designations made hereunder, the Designating Party is not otherwise restricted from use or disclosure of its Confidential Information outside of this Action. In addition, any Party may move to modify or seek other relief from any of the terms of this Protective Order if it has first tried in writing and in good faith to resolve its needs or disputes with the other Parties or Party as the case may be under the terms of this Protective Order.

3.2     <u>Application to Non-Parties:</u> Before a non-party is given copies of documents or materials designated as Confidential Information or Attorneys' Eyes Only as permitted hereunder, it must first sign an acknowledgment to be bound to these terms that is attached hereto as <u>Exhibit A</u>; if it fails to do so, the Parties to this Action must resolve any such dispute before making disclosure of designated information as permitted hereunder to the non-party. If a non-party wishes to make designations hereunder, it must first sign attached <u>Exhibit A.</u>

3.3     <u>Timing and Provisional Protection:</u> Designations of Confidential Information may be made at any time. To avoid potential waiver of protection hereunder, the Designating Party should designate documents or materials containing Confidential Information at the time of production or disclosure, including on the record during the taking of any deposition. Deposition testimony will be deemed provisionally protected for a period of thirty (30) days after the

transcript is released to the Parties by the court reporter, although the Parties may agree at any time to different timelines of provisional protection of information as Confidential or Attorneys' Eyes Only as part of one or more specific depositions. To retain any designations beyond the provisional period, a Designating Party must designate specific pages and lines of deposition testimony before the provisional period has expired. Such designations must be made in writing so that all counsel and court reporters may append the designation to all copies of the transcripts.

      3.4      <u>Manner of Designation:</u> Confidential Information may be designated hereunder in any reasonable manner or method that notifies the Receiving Party of the designation level and identifies with specificity the information to which the designation applies. If made verbally, the Designating Party must promptly confirm the designation in writing. Whenever possible, the Designating Party should stamp, affix, or embed a legend of "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" on each designated page of the document or electronic image that contains Confidential Information.

      **4.**      **CHALLENGES TO DESIGNATED INFORMATION**

      4.1      In the event that a Receiving Party disagrees at any time with any designation(s) made by the Designating Party, the Receiving Party must first try to resolve such challenge in good faith on an informal basis with the Designating Party. The Receiving Party must provide written notice of the challenge and the grounds therefor to the Designating Party, who must respond in writing to the challenge within fifteen (15) days. At all times, the Designating Party carries the burden of establishing the propriety of the designation and protection level. Unless and until the challenge is resolved by the Parties or ruled upon by the Court, the designated information shall remain protected under this Protective Order. The failure of any Receiving Party to challenge a designation does not

constitute a concession that the designation is proper or an admission that the designated information is otherwise competent, relevant, or material.

5. **LIMITED ACCESS/USE OF PROTECTED INFORMATION**

5.1 <u>Restricted Use:</u> Information that is produced or exchanged in the course of this Action and designated under this Protective Order may be used solely for the preparation, trial, and any appeal of this action, as well as related settlement negotiations, and for no other purpose, without the written consent of the Designating Party. No designated information may be disclosed to any person except in accordance with the terms of this Protective Order. All persons in possession of designated information agree to exercise reasonable care with regard to the custody, use, or storage of such information to ensure that its confidentiality is maintained. This obligation includes, but is not limited to, the Receiving Party providing to the Designating Party prompt notice of the receipt of any subpoena that seeks production or disclosure of any designated information and consulting with the Designating Party before responding to the subpoena. Any use or disclosure of Confidential or Attorneys' Eyes Only information in violation of the terms of this Protective Order may subject the disclosing person or party to sanctions.

5.2 <u>Access to "Confidential" Information:</u> The Parties and all persons subject to this Protective Order agree that information designated as "CONFIDENTIAL" may only be accessed or reviewed by the following:

    a) The Court, its personnel, and court reporters;

    b) Counsel of record for any Party in this Action and their employees who assist counsel of record in this Action and are informed of the duties and obligations imposed hereunder;

    c) The Parties, including their agents and employees who are assisting or have reason to know of this Action, so long as each such agent or employee has signed attached Exhibit A;

    d) Experts or consultants employed by the Parties or their counsel for purposes of this Action, so long as each such expert or consultant has signed attached Exhibit A; and

    e) Other witnesses or persons with the Designating Party's consent or by court order.

    5.3    Access to "Attorneys' Eyes Only" Designations: The Parties and all persons subject to this Protective Order agree that information designated as "ATTORNEYS' EYES ONLY" may only be accessed or reviewed by the following:

    a) The Court, its personnel, and court reporters;

    b) Counsel of record for any Party in this Action and their employees who assist counsel of record in this Action and are informed of the duties hereunder;

    c) In-house counsel for Fulgent and both special counsel and general bankruptcy counsel for Carol Fox, as Chapter 11 Trustee of Ellwood Medical Center Operations, LLC who is informed of the duties and obligations imposed hereunder;

    d) Experts or consultants employed by the Parties or their counsel for purposes of this Action, so long as each such expert or consultant is not a competitor of the Designating Party and so long as each such expert or consultant has signed attached Exhibit A; and

e) Other witnesses or persons to whom the Designating Party agrees in advance of disclosure or by court order.

5.4    Non-Waiver Effect of Designations: Neither the taking of, nor the failure to take, any action to enforce the provisions of this Protective Order, nor the failure to object to any designation, will constitute a waiver of any Party's claim or defense in this Action or any other action or proceeding, including, but not limited to, a claim or defense that any designated information is or is not Confidential, is or is not entitled to particular protection, or embodies or does not embody information protectable by law.

5.5    In-Court Use of Designated Information: If information designated under this Protective Order will or may be offered in evidence at a hearing or trial, then the offering party must give advance notice to the party or non-party that designated prior to offering the information so that any use or disclosure may be addressed in accordance with the Court's case-management or other pre-trial order, or by a motion *in limine*. Nothing in this Protective Order shall be construed as a waiver by a Party of any objections that may be raised as to the admissibility at trial of any evidentiary materials.

6. **CLAW-BACK REQUESTS**

6.1    Failure to Make Designation: If, at any time, a Party or non-party discovers that it produced or disclosed Confidential Information without designation, it may promptly notify the Receiving Party and identify with particularity the Confidential Information to be designated and the level of designation (the claw-back notification). The Receiving Party may then request substitute production of the newly-designated information. Within thirty (30) days of receiving the claw-back notification, the Receiving Party must: (1) certify to the Designating Party it has appropriately marked or, if substitute production has been requested, destroyed all unmarked

copies that it received, made, and/or distributed; and (2) if it was practicably unable to mark or destroy any information because disclosures occurred while the Receiving Party was under no duty of confidentiality under the terms of this Protective Order regarding that information, the Receiving Party must reasonably provide as much information as practicable to aid the Designating Party in protecting the information, consistently with the Receiving Party's attorney-client, work-product, and/or trial-preparation privileges.

6.2     <u>Inadvertent Production of Privileged Information:</u> If, at any time, a Party discovers that it produced information that it reasonably believes is subject to protection under the attorney/client, work-product, or trial-preparation privileges, then it must promptly notify each Receiving Party of the claim for protection, the basis for it, amend its privilege log accordingly, and comply with Fed. R. Civ. P. 26(b)(5). Whenever possible, the producing party must produce substitute information that redacts the information subject to the claimed protection. The Receiving Party must thereupon comply with Fed. R. Civ. P. 26(b)(5)(B) as to the information subject to the claimed protection.

**7.     DURATION/CONTINUED RESTRICTIONS**

7.1     <u>Handling of Designated Information Upon Conclusion of This Action:</u> Upon conclusion of this Action, including all appeals, the Designating Party(ies) is/are responsible for ensuring that any Party or person to whom the Designating Party shared or disclosed designated information in this Action returns or destroys all of its copies, regardless of the medium in which it was stored. Within sixty (60) days after the earlier of the dismissal of Fulgent from this Action, the dismissal of this Action, or the expiration of all deadlines for appeal following entry of a final judgment as to Fulgent, the Receiving Party(ies) must certify to each Designating Party that all designated information hereunder has been destroyed by all

Parties and witnesses for whom that Party is responsible. No witness or Party may retain designated information that it received from any other Party or non-party under this Protective Order; only counsel of record are the authorized agents who may retain one copy for their respective legal files, and who must also describe to the Designating Party the extra steps taken to protect its legal file containing paper and/or electronic copies of the designated information so that it is not accessed, used, or disclosed inconsistently with the obligations under this Protective Order. This provision does not apply to the Court or Court staff.

      7.2    <u>Continued Restrictions Under this Protective Order:</u> The restrictions on disclosure and use of Confidential Information shall survive the conclusion of this Action.

TENDERED BY

DINSMORE & SHOHL, LLP

<u>/s/ Sarah S. Mattingly</u>
Sarah Mattingly, Esq. [KBA Bar No. 94257]
Dinsmore & Shohl, LLP
100 W. Main Street, Suite 900
Lexington, Kentucky 40507
Phone: (859) 425-1000
Facsimile: (859) 425-1099
Email: sarah.mattingly@dinsmore.com
**COUNSEL FOR FULGENT GENETICS, INC.**

REVIEWED AND AGREED BY:

NELSON MULLINS RILEY & SCARBOROUGH L.L.P.

By: <u>/s/Frank P. Terzo</u> (with permission)
Frank P. Terzo
frank.terzo@nelsonmullins.com
100 S.E. 3rd Avenue, Suite 2700
Ft. Lauderdale, FL 33394
Telephone: (954) 764-7060
Facsimile: (954) 761-8135
**PROPOSED COUNSEL FOR THE COMMITTEE**

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE EASTERN DISTRICT OF KENTUCKY

| | |
|---|---|
| In re:<br><br>AMERICORE HOLDINGS, LLC, *et. al.*<br><br>Debtors | Chapter 11<br>Jointly Administered<br><br>Case No. 19-61608 |
| CAROL FOX, AS CHAPTER 11 TRUSTEE<br>OF ELLWOOD MEDICAL CENTER<br>OPERATIONS, LLC<br><br>vs.<br><br>FOUNTAIN HEALTHCARE SERVICES, INC. *ET. AL.* | PLAINTIFF<br><br>CASE NO. 22-6038<br><br>DEFENDANTS |

### EXHIBIT A TO STIPULATED PROTECTIVE ORDER

This is to certify that:

    (a)    I am being given access to Confidential Information pursuant to the Stipulated Protective Order in the above referenced litigation;

    (b)    I have read the Stipulated Protective Order; and

    (c)    I agree to be bound by the terms and conditions thereof, including, without limitation, to the obligations regarding the use, non-disclosure and return of such Confidential Information. I further agree that in addition to being contractually bound by the Stipulated Protective Order, I am subject to the jurisdiction of the above reference Court for any violation thereof.

Date: _____            _____
                                                                                              Signature

                                                                                               _____
                                                                                               Printed Name

---

**The affixing of this Court's electronic seal below is proof this document has been signed by the Judge and electronically entered by the Clerk in the official record of this case.**



**Signed By:**
*Gregory R. Schaaf*
**Bankruptcy Judge**
**Dated: Wednesday, March 29, 2023**
**(grs)**